ON MOTION TO COMPEL CLERK TO FOLLOW RULES OF PROCEDURE

WARNER, C.J.
The appellant has moved the court to compel the Clerk of Broward County to follow Florida Rules of Appellate Procedure in the preparation of the record on appeal in criminal cases. In this case, the defendant was tried, then granted a new trial, and then tried again. In the record on appeal, only the transcripts from the second trial were included in the record. The court file, however, contains at least portions of the transcript from the first trial. The Appellate Clerk in Broward County informed the appellant’s attorney that they do not routinely include other transcripts in the record on appeal, because Florida Rule of Appellate Procedure 9.200(a)(1) applies only to civil cases.
Florida Rule 9.140(e)(1) requires that in criminal appeals, “[t]he clerk of the lower tribunal shall prepare and serve the record prescribed by rule 9.200.... ” Rule 9.200(a)(1) provides that “[ejxeept as otherwise designated by the parties, the record shall consist of the original documents, exhibits, and transcripts) of proceedings, if any, filed in the lower tribunal, except summonses, praecipes, subpoenas, returns, notices, depositions, other discovery, and physical evidence.” (Emphasis added). Although the clerk may have thought that transcripts other than the transcript of the trial from which the appeal is taken should not be included, that view is mistaken, as *105 Rule 9.200(d)(1)(B) clearly requires the clerk to include any other transcripts:
[t]he remainder of the record, including all supplements and any transcripts other than the transcript of the trial, shall be consecutively numbered.
(Emphasis added).
Based upon the foregoing, the motion to compel the clerk to follow Rule 9.200(a) is granted. The clerk is ordered to correct the record on appeal and complete it in accordance with Rule 9.200(a) and (d) within 20 days of the date of this opinion.
POLEN and GROSS, JJ., concur.